JJD:CPK:ECW
F. #2014R00538

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

GOVINDA ANDIAPPEN and
JUMAN GANESH,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★    JAN 28 2016    ★

LONG ISLAND OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 14-402(S-3)(ADS)
(T. 18, U.S.C., §§ 371,
  981(a)(1)(C), 982(a)(1),
  1349, 1956(h), 2320(a)(1),
  2320(a)(2), 2320(a)(4),
  2323(b), 2 and 3551 et seq.;
  T. 21, U.S.C., §§ 334 and 853(p);
  T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

      At all times relevant to this Superseding Indictment, unless otherwise indicated:

<u>The Defendants and Their Employers</u>

      1.    The defendant GOVINDA ANDIAPPEN was employed as a manager at Glow Derma, Inc. ("Glow Derma"), a closely held health and beauty products manufacturer incorporated in New York State on October 7, 2009.

      2.    The defendant JUMAN GANESH was a self-employed supplier of labels, boxes, containers and packaging to Glow Derma.

<u>COUNT ONE</u>
(Conspiracy to Traffic in Counterfeit Goods and
Labels and Packaging)

      3.    The allegations contained in paragraphs one and two are realleged and incorporated as if fully set forth in this paragraph.

4.     In or about and between June 2011 and March 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GOVINDA ANDIAPPEN and JUMAN GANESH, together with others, did knowingly and intentionally conspire to:  (a) intentionally traffic in goods, to wit, substances purporting to be lip balm, cough suppression ointment, nasal decongestant, baby oil, baby lotion, petroleum jelly and sanitary pads, knowingly using a counterfeit mark on and in connection with such goods, contrary to Title 18, United States Code, Section 2320(a)(1); and (b) intentionally traffic in labels, boxes, containers and packaging for such goods, knowing that a counterfeit mark had been applied thereto, the use of which was likely to cause confusion, cause mistake, and deceive, contrary to Title 18, United States Code, Section 2320(a)(2).

5.     In furtherance of the conspiracy and to effect the objects thereof, within the Eastern District of New York and elsewhere, the defendants GOVINDA ANDIAPPEN and JUMAN GANESH, together with others, committed and caused to be committed, among others, the following:

Overt Acts

a.     On or about November 25, 2013, the defendant GOVINDA ANDIAPPEN caused substances purporting to be nasal decongestant and cough suppression ointment, both bearing counterfeit Vicks® marks, and substances purporting to be lip balm, bearing counterfeit ChapStick® marks, to be transported from a Glow Derma facility in Oceanside, New York to a customer in Bay Shore, New York.

3

b.      On or about January 15, 2014, the defendant JUMAN GANESH caused labels and packaging for substances purporting to be cough suppression ointment to be delivered to Glow Derma.

c.      On or about February 27, 2014, the defendant GOVINDA ANDIAPPEN caused substances purporting to be petroleum jelly, bearing counterfeit Vaseline® marks, to be transported from a Glow Derma facility in Oceanside, New York to a Glow Derma facility in Freeport, New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT TWO
(Trafficking in Counterfeit Goods)

6.      The allegations contained in paragraphs one and two are realleged and incorporated as if fully set forth in this paragraph.

7.      On or about March 6, 2014, within the Eastern District of New York and elsewhere, the defendants GOVINDA ANDIAPPEN and JUMAN GANESH, together with others, did intentionally traffic and attempt to traffic in goods, to wit, substances purporting to be lip balm, cough suppression ointment, nasal decongestant, baby oil, baby lotion, petroleum jelly and sanitary pads, and knowingly used a counterfeit mark on and in connection with such goods.

(Title 18, United States Code, Sections 2320(a)(1), 2 and 3551 et seq.)

COUNT THREE
(Trafficking in Counterfeit Labels and Packaging)

8.      The allegations contained in paragraphs one and two are realleged and incorporated as if fully set forth in this paragraph.

9.      On or about March 6, 2014, within the Eastern District of New York and elsewhere, the defendants GOVINDA ANDIAPPEN and JUMAN GANESH, together with others,

did intentionally traffic and attempt to traffic in labels, boxes, containers and packaging, knowing that a counterfeit mark had been applied thereto, the use of which was likely to cause confusion, to cause mistake, and to deceive.

(Title 18, United States Code, Sections 2320(a)(2), 2 and 3551 et seq.)

COUNT FOUR
(Trafficking in Counterfeit Drugs)

10.     The allegations contained in paragraphs one and two are realleged and incorporated as if fully set forth in this paragraph.

11.     On or about March 6, 2014, within the Eastern District of New York and elsewhere, the defendants GOVINDA ANDIAPPEN and JUMAN GANESH, together with others, did intentionally traffic and attempt to traffic in counterfeit drugs, to wit: substances purporting to be cough suppression ointment and nasal decongestant, bearing counterfeit Vicks® marks; substances purporting to be petroleum jelly, bearing counterfeit Vaseline® marks; and substances purporting to be lip balm, bearing counterfeit ChapStick® marks.

(Title 18, United States Code, Sections 2320(a)(4), 2 and 3551 et seq.)

COUNT FIVE
(Conspiracy to Commit Mail and Wire Fraud
By Using Counterfeit Trademarks and
Falsifying Place of Origin)

12.     The allegations contained in paragraphs one and two are realleged and incorporated as if fully set forth in this paragraph.

13.     In or about and between June 2011 and March 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GOVINDA ANDIAPPEN and JUMAN GANESH, together with others, did knowingly and intentionally conspire:

          a.       to devise a scheme and artifice to defraud customers of Glow Derma, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises and, for the purpose of executing such scheme and artifice, did cause mail matters and things to be delivered by private and commercial interstate carriers, to wit: substances purporting to be cough suppression ointment, nasal decongestant, baby oil, baby lotion, and petroleum jelly, bearing counterfeit Vicks®, Vaseline® and Johnson & Johnson® trademarks, and labels reading in "Made in India," when in truth and fact such substances were not genuine Vicks®, Vaseline® and Johnson & Johnson® products, and were made in Freeport and Oceanside, New York, and chemicals and labels used to manufacture and package said substances, contrary to Title 18, United States Code, Section 1341; and

          b.       to devise a scheme and artifice to defraud customers of Glow Derma, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: emails to Glow Derma customers purchasing substances purporting to be nasal decongestant, cough suppression ointment, petroleum jelly, baby oil and baby lotion, bearing counterfeit Vicks®, Vaseline® and Johnson & Johnson® trademarks, and labels reading "Made in India," when in truth and fact such substances were not genuine Vicks®, Vaseline® and Johnson & Johnson® products, and were manufactured in Freeport and Oceanside, New York, and wire transfers for chemicals and labels used to manufacture and package such substances, contrary to Title 18, United States Code, Section 1343.

        (Title 18, United States Code, Sections 1349 and 3551 et seq.)

<u>COUNT SIX</u>
(Conspiracy to Commit International Money Laundering)

14.     The allegations contained in paragraph one are realleged and incorporated as if fully set forth in this paragraph.

15.     In or about and between June 2011 and March 2014, within the Eastern District of New York and elsewhere, the defendant GOVINDA ANDIAPPEN, together with others, did knowingly and intentionally conspire to transport, transmit and transfer, and attempt to transport, transmit and transfer, a monetary instrument and funds from a place in the United States, to wit: New York State, to and from places outside the United States, to wit: India and China, with the intent to promote the carrying on of specified unlawful activities, to wit: the crimes alleged in Counts Two through Four of this Superseding Indictment, contrary to Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

<u>COUNT SEVEN</u>
(Conspiracy to Distribute Misbranded Drugs and Cosmetics)

16.     The allegations contained in paragraphs one and two are realleged and incorporated as if fully set forth in this paragraph.

17.     In or about and between June 2011 and March 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GOVINDA ANDIAPPEN and JUMAN GANESH, together with others, did knowingly and with the intent to defraud and mislead, conspire to: (a) introduce and deliver for introduction into interstate commerce drugs, to wit: substances purporting to be lip balm, cough suppression ointment, nasal decongestant, and petroleum jelly; and (b)  introduce and deliver for introduction into interstate commerce cosmetics, to wit: substances purporting to be baby oil and baby lotion,

all of which were misbranded in that they bore false and misleading labelling, contrary to Title 21, United States Code, Sections 331(a) and 333(a)(2).

18.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants GOVINDA ANDIAPPEN and JUMAN GANESH, together with others, committed and caused to be committed, among others, the following:

Overt Acts

a.      On or about November 25, 2013, the defendant GOVINDA ANDIAPPEN caused substances purporting to be nasal decongestant and cough suppression ointment, both bearing false and misleading labelling, and substances purporting to be lip balm, also bearing false and misleading labelling, to be transported from a Glow Derma facility in Oceanside, New York to a customer in Bay Shore, New York; and

b.      On or about January 15, 2014, the defendant JUMAN GANESH caused labels and packaging for substances purporting to be cough suppression ointment to be delivered to Glow Derma.

c.      On or about February 27, 2014, the defendant GOVINDA ANDIAPPEN caused substances purporting to be petroleum jelly, bearing counterfeit Vaseline® marks, to be transported from a Glow Derma facility in Oceanside, New York to a Glow Derma facility in Freeport, New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO
COUNTS ONE THROUGH FOUR

19.     The United States hereby gives notice to the defendants that, upon their conviction on any of the offenses charged in Counts One through Four, the government will seek

forfeiture in accordance with Title 18, United States Code, Section 2323(b), which requires any person convicted of the offenses to forfeit any article, the making or trafficking of which is prohibited under Title 18, United States Code, Section 2320, any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of such offenses, and any property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of such offenses, including, but not limited to, the real property and premises located at 205-07 Jamaica Avenue, Hollis, New York, Block 10479, Lot 7, County of Queens, State of New York, and all proceeds traceable thereto.

20.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due  diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2323(b); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT FIVE

21.     The United States hereby gives notice to the defendants that, upon their conviction of Count Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offense.

22.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)     cannot be located upon the exercise of due diligence;

    (b)     has been transferred or sold to, or deposited with, a third party;

    (c)     has been placed beyond the jurisdiction of the court;

    (d)     has been substantially diminished in value; or

    (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT SIX

23.     The United States hereby gives notice to the defendant charged in Count Six that, upon his conviction of such offense, the government will seek forfeiture, in accordance with

Title 18, United States Code, Section 982(a)(1), which requires the forfeiture of any property

involved in such offense, or any property traceable to such property.

24.     If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

        (Title 18, United States Code, Section 982(a)(1); Title 21, United States Code,

Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT SEVEN

25.     The United States hereby gives notice to the defendants charged in Count

Seven that, upon their conviction of such offense, the government will seek forfeiture in

accordance with Title 21, United States Code, Section 334(a)(1) and Title 28, United States Code,

Section 2461(c), which require the forfeiture of any article of food, drug, or cosmetic that was

adulterated or misbranded when introduced into or while in interstate commerce or while held for

sale after interstate commerce.

26.     If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

      (a)     cannot be located upon the exercise of due diligence;

      (b)     has been transferred or sold to, or deposited with, a third party;

      (c)     has been placed beyond the jurisdiction of the court;

      (d)     has been substantially diminished in value; or

      (e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

      (Title 21, United States Code, Sections 334 and 853(p); Title 28, United States

Code, Section 2461(c))

                                              A TRUE BILL

                                              FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2014R00538
FORM DBD-34
JUN 85

No. 14-CR-402(S-3)(ADS)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

GOVINDA ANDIAPPEN and JUMAN GANESH,

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982(a)(1), 1349, 1956(h), 2320(a)(1), 2320(a)(2), 2320(a)(4), 2323(b), 2 and 3551 et seq.; T. 21, U.S.C., §§ 334 and 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
Foreperson

Filed in open court this _____

of _____, A.D. 20 _____

_____
Clerk

Bail, $ _____

***Charles P. Kelly, Assistant U.S. Attorney (631) 715-7866***